UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FELIPE ALVARADO CHIC,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, Field Office Director of Enforcement Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

Case No.: 3:26-cv-04134-LEK-BJW

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS; FOR AN ORDER TO SHOW CAUSE WITHIN 3 DAYS; AND TO ENJOIN TRANSFER FROM THE JURISDICTION**

Before this Court is Petitioner Felipe Alvarado Chic's ("Petitioner") Petition for Writ of Habeas Corpus; for an Order to Show Cause Within 3 Days; and to Enjoin Transfer from the Jurisdiction ("Petition"), filed on July 18, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden of Otay Mesa Detention Center; Gregory J. Archambeault, Field Office Director of Enforcement Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd Blanche, U.S. Attorney General; Executive Office for Immigration Review; and Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS" and

collectively "Respondents"), filed a response to the Petition ("Response") on July 20, 2026. [Dkt. no. 4.]

Petitioner, a native of Guatemala, entered the United States as a minor in September 2012, and has remained in the United States since that time. See Petition at ¶¶ 9, 19, 30. Petitioner was apprehended shortly after entering the United States, but he was later released from DHS custody to live with a family member. See id. at ¶ 9. Petitioner is now twenty-eight years old. [Id., Exh. 6 (Declaration of Felipe Alvarado Chic with English translation) at ¶ 2.] Petitioner is married and has three children who are United States citizens. See Petition at ¶ 10.

Petitioner was detained by DHS officers on July 4, 2026, and he has been detained since that time. See id. at ¶¶ 12, 19. He is currently detained at the Otay Mesa Detention Center. See id. at ¶ 19. Petitioner asserts that he is being unlawfully detained, purportedly pursuant to Title 8 United States Code Section 1225(b)(2). See id. at ¶ 32. Petitioner seeks his immediate release or, in the alternative, a bond hearing under Title 8 United States Code Section 1226(a). See id. at pgs. 11-12.

Respondents state "that Petitioner is subject to mandatory detention under § 1225(b)(2)." [Response at 2.] Respondents, however, "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. at 2 (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.]

After the Petition was fully briefed, the Ninth Circuit Court of Appeals issued its opinion in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In Rodriguez Vazquez, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having entered the United States in 2012, see Petition at ¶¶ 9, 19, the discretionary detention

procedures of Section 1226(a) govern Petitioner's detention. Accordingly, this Court grants Petitioner's request for a bond hearing.[1] In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be held within seven days after the filing of this order;[2]

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

---

[1] In light of this Court's determination that Petitioner is entitled to a bond hearing, this Court need not address Petitioner's Fifth Amendment due process claim, [Petition at pgs. 10-11]. See Nw. Austin Mun. Util. Dist. No. One v. Holder, 557 U.S. 193, 205 (2009) ("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case" (quotation marks and citation omitted)).

[2] This Court denies Respondents' request to allow Petitioner's individualized bond hearing to be held within fourteen days after the filing of this order. See Response at 3 n.3. Petitioner's interest in an expeditious remedy for the violation of his statutory rights outweighs the general concerns cited by Respondents. If there is a **case-specific** reason why Petitioner's individualized bond hearing cannot be held within seven days, Respondents may file a motion to extend the deadline. Respondents' motion must, at a minimum, establish the reason why an extension is necessary through a declaration or other supporting documents.

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 12. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Felipe Alvarado Chic's Petition for Writ of Habeas Corpus; for an Order to Show Cause Within 3 Days; and to Enjoin Transfer from the Jurisdiction, filed July 18, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing under Title 8 United States Code Section 1226(a) by **August 13, 2026**. Respondents are FURTHER ORDERED to conduct the individualized bond hearing consistent with the terms of this Order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody. Further, the Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing by **August 20, 2026**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 6, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>FELIPE ALVARADO CHIC VS. CHRISTOPHER J. LAROSE, ET AL.</u>; CASE NO. 3:26-CV-04134-LEK-BJW; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS; FOR AN ORDER TO SHOW CAUSE WITHIN 3 DAYS; AND TO ENJOIN TRANSFER FROM THE JURISDICTION**